IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-00623-WYD-PAC

EVA LYONS,

    Plaintiff(s),

v.

RED ROOF INNS, INC.,

    Defendant(s).

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Patricia A. Coan, Magistrate Judge**

This is a Title VII case.  A May 8, 2003 Order of Reference under 28 U.S.C. §636(b) referred this matter to the undersigned for pretrial case management, including recommendations on dispositive motions.  See Doc. # 8.  Granting summary judgment for defendant, the District Judge dismissed the case on August 12, 2004.  See Doc. # 37.  Plaintiff appealed to the United States Court of Appeals, which subsequently reversed and remanded to this court plaintiff's gender discrimination claim only.  See May 12, 2005 Order (filed June 14, 2005 with mandate), Doc. # #51.  The dismissal of plaintiff's race discrimination and retaliation claims was affirmed.  See *id.* Following notification of the United States Supreme Court's denial of plaintiff's petition for *certiorari* on December 13, 2005, see Doc. # 61, the stay pending appeal was lifted and a scheduling conference was set.

03-cv-00623-WYD-PAC
February 20, 2006

On January 12, 2006, before the Scheduling Conference was held on February 13, 2006, plaintiff filed her Motion in Compliance to Amend Claim to Include Libel and Breach of Contract ("Pl. MTA"), Doc. # 70. This is the matter now before the Court. Defendant has responded and plaintiff has replied. The Court questioned both parties about their positions with regard to plaintiff's motion at the February 13, 2006 Scheduling Conference.[1] No further oral argument would be of material assistance.

I.

Rule 15 applies to a motion to amend a complaint. Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings. Under well-established law, leave to amend is a discretionary matter which is left to the trial court to determine. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir.1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571, 1585 (10th Cir. 1993) (internal citations omitted). Refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

*Pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519,

---

[1] Plaintiff added the libel and breach of contract claims to her portion of the Scheduling Order, to which defendant objected. The Scheduling Order was entered with the new claims over defendant's objections on February 13, 2006. See Doc. # 79.

03-cv-00623-WYD-PAC
February 20, 2006

520-21 (1972).  A *pro se* litigant should be given a reasonable opportunity to remedy defects in his  pleadings if his factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id.*   A court will not construct legal theories which assume facts that have not been pleaded.  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).  The court is not obligated to "supply additional factual allegations to round out a plaintiff's complaint."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II.

Plaintiff moves to amend her complaint to include:  claims of libel arising from actions during her employment with defendant which she claims continued during the defense of plaintiff's claims in 2003 and 2004; and breach of contract/policy claims related to defendant's alleged failure to follow its own policies with respect to plaintiff's employment and eventual termination.   Defendant objects to any amendment as untimely and futile.

Plaintiff contends that defendant allegedly failed to comply with its "Non-Discrimination and No Retaliation Policies" when plaintiff complained about discrimination and retaliation.  MTA at 1.   Plaintiff further claims that the "Performance and Pay Raise Policy" was breached when pay raises were divulged to other

03-cv-00623-WYD-PAC
February 20, 2006

employees and that the "Room Reconciliation Procedures" were not followed when plaintiff was terminated, for allegedly not completing a room rack report. *Id.* at 2. Finally, plaintiff contends that the "Safety and Security Procedures" were not followed. *Id.*

The proposed libel claims appear to be based upon the statements defendant made when plaintiff was disciplined and the reasons which were given for her termination. See Pl. Reply, Doc. # 80 at 3. The alleged libelous statements continued when defendant responded to plaintiff's EEOC charge and when defendant moved for summary judgment in 2004 and repeated the reasons plaintiff was given for discipline and/or her termination. Pl. Statement February 13, 2006. According to plaintiff, the last libelous statement was contained in defendant's summary judgment pleadings and attachments.[2]  *Id.*

Plaintiff has not stated any reasons, other than wanting to add new theories of recovery to preexisting facts, for amending her complaint, and Ms. Lyons did not attach a proposed amended complaint to her motion, which might have aided the Court and defendant. At the February 13, 2005 scheduling conference, plaintiff indicated that defendant should not be surprised about the new claims because first, it knew about all the facts giving rise to plaintiff's contract claims since defendant used various policy

---

[2]According to the Clerk's record, defendant filed its reply to the response to its motion for summary judgment on January 30, 2004.  See Doc. # 27.

4

03-cv-00623-WYD-PAC
February 20, 2006

violations as grounds to discipline and/or terminate plaintiff's employment, see MTA and plaintiff's statements  February 13, 2006; and second, that the facts giving rise to the libel claims were "always there."   Pl. statements February 13, 2006.  Plaintiff further said  that she knew of all the facts giving rise to the contract and libel claims but "overlooked" them in her April 10, 2003 Complaint.  *Id.*  I surmise, from her comments on February 13, 2006, and because plaintiff has not shown me anything to the contrary, that the alleged libel continuing after the suit was filed in April 2003 consisted of defendant's statements about its version of the facts leading up to and including plaintiff's termination from employment, which statements were made, either verbally or in writing, to the EEOC, during discovery, and in dispositive motions.

Even under the liberal standards Rule 15 provides for allowing amendments, untimeliness alone may be a sufficient basis for denial of leave to amend and prejudice to the opposing party need not also be shown.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *Las Vegas,* 893 F.2d at 1185.  Courts look to the reasons for the delay and the presence or absence of excusable neglect.  *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987).  Leave to amend may be denied where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.  *Id.* Stated another way, where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion,

5

03-cv-00623-WYD-PAC
February 20, 2006

the motion to amend is subject to denial.  As the Tenth Circuit panel reasoned  in

*Combs v. Price Waterhouse Coopers, LLP.*, 382 F.3d 1196, 1206 (10th Cir. 2004):

> A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation.... Much of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

Here, plaintiff said she knew of the facts giving rise to both contract and libel claims as of the April 10, 2003 date she filed her Complaint in this action.  Pl. statements February 13, 2006.  She also said that the libel continued when defendant engaged in the discovery phase of the case and in defendant's motion for summary judgment.  See *id.*  Accordingly, since plaintiff has not demonstrated that there are new facts which should be litigated under the proposed contract and libel theories, *Combs* and *Federal Insurance Co.*, require that plaintiff's motion to amend her complaint should be denied as untimely.[3]

### III. Recommendation

For the reasons stated, it is

---

[3] Because I recommend denial of plaintiff's motion to amend because it is untimely, I need not address defendant's other claims, including futility of amendment.

6

03-cv-00623-WYD-PAC
February 20, 2006

**RECOMMENDED** that plaintiff's Motion in Compliance to Amend Claim to Include Libel and Breach of Contract, filed January 12, 2006, Doc. # 70, be **denied with prejudice** in its entirety.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated:  February 20, 2006.

                    By the Court:
                    s/Patricia A. Coan
                    Patricia A. Coan
                    United States Magistrate Judge