IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-cv-00623-WYD-PAC

EVA LYONS,

      Plaintiff,

v.

RED ROOF INNS, INC.,

      Defendant.
_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court in connection with Plaintiff's pleading entitled "Motion in Compliance to Amend Claim to Include Libel and Breach of Contract" filed January 12, 2005.  This motion was referred to Magistrate Judge Coan for a recommendation by Memorandum dated January 17, 2006.

A Recommendation of United States Magistrate Judge was filed February 20, 2006, which is incorporated herein by reference.  *See* FED. R. CIV. P. 72; 28 U.S.C. § 636(b)).  Magistrate Judge Coan recommends therein that Plaintiff's Motion in Compliance to Amend Claim to Include Libel and Breach of Contract, which was construed as a motion for leave to amend the complaint to assert these claims, be denied with prejudice.  Recommendation at 7.  The basis of the Recommendation was that Plaintiff's motion should be denied as untimely.  *Id.* at 4-6.

-1-

On March 1, 2006,  Plaintiff filed a timely objection to the Recommendation.

Defendant filed a response to the Objection on March 15, 2006.  While Plaintiff's

motion could be construed as a nondispositive motion as to which a recommendation is

reviewed on a clearly erroneous or contrary to law standard, I will review the

Recommendation at issue on a de novo basis since it denies Plaintiff leave to file two

claims.  *See McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2003 WL

158704, at *1 (D. Kan. 2003) ("when the magistrate judge's order denies a motion to

amend and a claim or defense is not permitted to be asserted in the case, several

courts have found such a ruling to be dispositive and concluded that the district court

should review it de novo") (citing cases).

Plaintiff's Objection asserts that FED. R. CIV. P. 8(a) only requires notice pleading

and that Defendant should have been on notice of the libel and breach of contract

claim through her original complaints which alleged wrongful termination with intent to

discriminate.  Plaintiff also agues that her amended complaint should relate back to the

original complaint under Fed. R. Civ. P. 15(c)(2) because the new claims arise out of

the same conduct, transaction or occurrence.  Finally, Plaintiff argues that the original

complaints and information outside of the complaints gave notice to Defendant of its

potential liability for the claims Plaintiff seeks to add in the amended complaint.

I find that Plaintiff's arguments do not provide a basis to overturn the

Recommendation.  First, the original complaints did not put Defendant on notice of a

breach of contract claim or a libel claim.  There was no way for Defendant to infer from

the original complaints asserting discrimination and retaliation that Plaintiff also

-2-

intended to assert claims of libel and breach of contract.  Those claims are legally and

factually very distinct from discrimination claims under Title VII.  Further, Plaintiff has

not shown that Defendant had notice of these claims through any discovery that

occurred in this case.  As to the relation back doctrine, this is a procedural doctrine that

relates to the timing of suit, allowing a party to avoid the running of the statute of

limitations in certain instances when the claim or defense relates back to the filing date

of the original filing.  It is irrelevant to whether leave to amend a complaint should be

granted in the first instance.

Finally and most importantly, Plaintiff has not shown that Magistrate Judge Coan

erred in finding that Plaintiff had knowledge of the factual basis of the claims that she

seeks leave to assert as of the April 10, 2003 date she filed her original complaint.

Further, the discovery period has now ended, and dispositive motions have been filed

and ruled upon.  Indeed, this case came back from the Tenth Circuit after it reversed in

part a ruling granting summary judgment as to Plaintiff's claim of gender discrimination.

To allow Plaintiff to amend her complaint at this stage of the litigation would be

prejudicial to Defendant, and would require reopening of discovery and setting a new

deadline for the filing of dispositive motions as to the libel and breach of contract

claims.  In light of that, the Court would most likely have to set a later date for trial than

it would prefer in this case that has been pending over three years.[1]  Under these

---

[1]   The trial will be set after the Pretrial Order has been issued.  I note that the Pretrial
Conference is set less than a week away, on April 25, 2006.

circumstances, I agree with Magistrate Judge Coan that Plaintiff's motion for leave to amend the complaint to assert two new claims is properly denied on the basis that it is untimely.  *See Combs v. PriceWaterhouse Coopers, LLP,* 382 F.3d 1196, 1205-06 (10th Cir. 2004); *see also Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge filed February 20, 2006, is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's "Motion in Compliance to Amend Claim to Include Libel and Breach of Contract" filed January 12, 2006, is **DENIED WITH PREJUDICE**.

Dated:  April 19, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge