IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-cv-00623-WYD-PAC

EVA LYONS,

    Plaintiff,

v.

RED ROOF INNS, INC.,

    Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on two pending motions filed June 6, 2006: (1) Plaintiff's pro se Motion to Uphold the Appeal's Court Ruling for Further Proceedings of Plaintiff's Wrongful Termination Claim filed June 6, 2006, and (2) Plaintiff's pro se Motion to Add Claim of Libel Against the Defendant.  For the reasons stated below, both motions are denied.

Plaintiff's Motion to Uphold the Appeal's Court Rulings for Further Proceedings of Plaintiff's Wrongful Termination Claim asserts that the Tenth Circuit reversed and remanded to this Court a state law claim of wrongful termination that this Court has not let her pursue.  The motion is denied.  The only claim that the Tenth Circuit reversed was the gender discrimination claim that is at issue in this case.  No state law wrongful termination claim was remanded by the Tenth Circuit.  Indeed, the Tenth Circuit noted in its decision on appeal that to the extent Plaintiff argued that this Court erred because it did not address such a claim, the argument was without merit as the complaint did not

contain any state law claim. Accordingly, Plaintiff's motion is without merit and is summarily denied.

Plaintiff's Motion to Add Claim of Libel Against the Defendant seeks, yet again, to add a claim of libel against the Defendant in connection with exhibits Defendant recently submitted into evidence. This motion is also denied. I construe this as a motion to amend the complaint to add a claim of libel. By Order of April 19, 2006, I previously affirmed and adopted a Recommendation to deny Plaintiff leave to add such a claim based on the untimeliness of such a motion. To the extent the motion is based on the same libel allegations which I previously denied Plaintiff leave to assert, the motion is improper and must be denied based on the law of the case doctrine. *See Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). To the extent the motion can be construed to be based on new libel allegations, the motion must be denied as it is even more untimely than the last motion. It was filed two months before trial and after discovery has closed.

Finally, I caution Plaintiff not to file any additional motions seeking to add claims. The case is set for trial in August 2006, and the case has been pending over three years. Any attempt to add claims at this stage of the litigation is improper, and I will construe any further motions seeking leave to add claims as frivolous.

Accordingly, it is

ORDERED that Plaintiff's pro se Motion to Uphold the Appeal's Court Ruling for Further Proceedings of Plaintiff's Wrongful Termination Claim filed June 6, 2006, is **DENIED**. It is

FURTHER ORDERED that Plaintiff's pro se Motion to Add Claim of Libel Against the Defendant is **DENIED**.

Dated: June 23, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge